**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

BOB YARBOROUGH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

The Seely Group LLC

Defendant.

Case No.: 3:26-CV-3236

**JURY TRIAL DEMANDED**
**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

Plaintiff Bob Yarborough ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against The Seely Group LLC ("Defendant") and alleges as follows:

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant made pre-recorded calls to a cellular telephone number that it had no relationship with.

3. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**PARTIES**

5. Plaintiff is an individual residing in Dallas County, Texas.

6. Defendant is a corporation.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. The Court has personal jurisdiction over the Defendant because it directed its calls to Plaintiff who resides in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated and sent into this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

**BACKGROUND**

10. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the profliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotes omitted).

11. "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2).

12. Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not Call registry stands out as a model of clarity. It means what it says. If a

person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. The TCPA prohibits the use of pre-recorded messages to make calls. See 47 U.S.C. § 227(b)(3). Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his or her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

13. As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq*. and its implementing regulations 47 C.F.R. § 64.1200 *et seq*.

14. The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(c)(5).

15. For damages the TCPA provides "$500 in damages for such a violation[.]" 47 U.S.C. §§ 227(b)(3), (c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id*.

16. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

17. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

18. The Supreme Court is clear that text messages are "calls" under the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("A text message to a cellular telephone,

it is undisputed, qualifies as a 'call' within the compass of [the TCPA].").

19. The TCPA prohibits calling any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §§64.1200(c)(2). Notably, "[s]uch do-not-call registrations must be honored indefinitely[.]" *Id*.

20. For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

21. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

22. The TCPA further prohibits the use of pre-recorded messages to make calls. See 47 U.S.C. § 227(b)(3).

23. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

24. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc,* 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

25. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching services. See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016).

## FACTUAL ALLEGATIONS

26. Plaintiff is the regular user to his cellular telephone number—(214) XXX-7646.

27. The number was on the Do Not Call Registry for years prior to the receipt of the text messages received from the Defendant.

28. Plaintiff uses his telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

29. The Plaintiff has no relationship with the Defendant.

30. The Defendant sent out marketing texts as part of its business.

31. Examples of the text entries are below:


1:47
(512) 399-6467
Wednesday, Feb 11 • 9:38 AM
Hey James, I help families in probate get cash offers fast. Usually in 2 days or less. Want to see what buyers would offer for yours?
https://theprobaterealtor.com/texas/dallas-probate-realtor/
Tap to load preview
Sunday, Feb 15 • 12:33 PM
Hey James, I know selling a home comes with many decisions, and I'd love to make the process easier for you. Check out how we helped this client: https://www.youtube.com/watch?v=1Y3j7ioDWd8 sell their home in less than 24 hours.
Text message


1:48
(512) 399-6467
Thursday, May 28 • 9:54 AM
James, Many families we help live out of state and don't want to travel back to Texas to manage the home. Remote closings are possible. Learn how that works: https://theprobaterealtor.com/concierge-services/
Are you able to connect with our owner Dallas Seely?
Tap to load preview
Thursday, Jun 4 • 11:05 AM
James, do you feel stuck between repairing the house or selling it quickly?
There may be a third option.
Text message







32. The purpose of the subject of the text messages was to advertise and market Defendant's business or services.

33. Plaintiff does not have, nor did he have, a relationship with Defendant.

34. Plaintiff did not request information from Defendant.

35. Plaintiff did not provide telephone number (214) XXX-7646 to Defendant.

36. Plaintiff did not provide Defendant with consent to place calls, in connection with which they used artificial or prerecorded voice, to telephone number (214) XXX-7646.

37. Defendant placed the subject calls to telephone number (214) XXX-7646 voluntarily.

38. Defendant placed the subject calls to telephone number (214) XXX-7646 under its own free will.

39. Plaintiff received the first solicitation text message from Defendant on January 29, 2026.

40. Plaintiff has received numerous solicitation text messages from Defendant since January 29, 2026.

41. As the date of this filing, the most recent solicitation text message from Defendant to Plaintiff was on September 11, 2026.

42. Plaintiff suffered actual harm as a result of Defendant's subject calls to (214) XXX-7646 on the Do Not Call Registry, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

43. Upon information and good faith belief, Defendant, as a matter of pattern and practice, placed marketing text messages to consumers, absent prior express consent.

## CLASS ACTION ALLEGATIONS

44. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

45. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Do Not Call Class:** All persons (1) whose telephone numbers were registered on the National Do Not Call Registry for at least 30 days, and (2) who received more than one text message from or on behalf of the Defendant within any 12-month period (3) after the telephone number was assigned to them (4) from four years prior to the filing of this lawsuit through the date of class certification.

> **Robocall Subclass:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but did not provide their phone number to the Defendant and do not have a relationship with the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

46. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

47. Upon information and belief, the members of the Class and Subclass are so numerous that joinder of all of them is impracticable.

48. The exact number of the members of the Class and Subclass are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

49. The members of the Class and Subclass are ascertainable because they are defined by reference to objective criteria.

50. In addition, the members of the Class and Subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

51. Plaintiff's claims are typical of the claims of the members of the Class and Subclass.

52. As they did for all members of the Class, Defendant placed calls to Plaintiff's cellular telephone number despite their presence on the National Do Not Call Registry.

53. As it did for all members of the Sub Class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

54. Plaintiff's claims, and the claims of the members of the Class and Sub Class originate from the same conduct, practice, and procedure on the part of Defendant.

55. Plaintiff's claims are based on the same theories as the claims of the members of the Class and Sub Class.

56. Plaintiff suffered the same injuries as the members of the Class and Sub Class.

57. Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub Class.

58. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class and Sub Class.

59. Plaintiff will vigorously pursue the claims of the members of the Class and Sub Class.

60. Plaintiff has retained counsel experienced and competent in class action litigation.

61. Plaintiff's counsel will vigorously pursue this matter.

62. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class and Subclass.

63. The questions of law and fact common to the members of the Class and Sub Class predominate over questions that may affect individual members of the Class and Sub Class.

64. Issues of law and fact common to all members of the Class and Sub Class are:

a. Defendant's violations of the TCPA;

b. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to cellular telephone numbers;

c. Defendant's use of an artificial or prerecorded voice; and

d. The availability of statutory penalties.

65. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

66. If brought and prosecuted individually, the claims of the members of the Class and Sub Class would require proof of the same material and substantive facts.

67. The pursuit of separate actions by individual members of the Class and Sub Class would, as a practical matter, be dispositive of the interests of other members of the Class and Sub Class, and could substantially impair or impede their ability to protect their interests.

68. The pursuit of separate actions by individual members of the Class and Sub Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

69. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class and Sub Class.

70. The damages suffered by individual members of the Class and Sub Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class and Sub Class to redress the wrongs done to them.

71. The pursuit of Plaintiff's claims, and the claims of the members of the Class and Sub Class in one forum will achieve efficiency and promote judicial economy.

72. There will be little difficulty in the management of this action as a class action.

73. Defendant has acted or refused to act on grounds generally applicable to the members of the Class and Sub Class making final declaratory or injunctive relief appropriate.

**COUNT I**
**Violation of 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Do Not Call Class)**

74. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-73.

75. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

76. A text message is a "call" as defined by the TCPA. See *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted*); Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

77. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

78. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

79. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

80. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

81. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12- month period in violation of 47 C.F.R. § 64.1200.

82. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**<u>COUNT II</u>**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Robocall Sub Class)**

83. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-82.

84. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

85. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

86. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the classes respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Do Not Call Class as alleged herein;

B. Certification of the Robocall Sub Class as alleged herein;

C. Appointment of Plaintiff as representative of the Class and Sub Class;

D. Appointment of the undersigned as counsel for the Class and Sub Class;

E. Adjudging and declaring that Defendant violated 47 U.S.C. §§ 227(c) and 227(b)(1)(A)(iii);

F. Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class and sub class, in connection with which it uses an artificial or prerecorded voice or to numbers registered with the Do Not Call Registry for at least thirty days;

G. Damages to Plaintiff and members of the Do Not Call Class under 47 U.S.C. § 227(c)(5)(B);

H. Damages to Plaintiff and members of the Robocall Sub Sub Class pursuant to 47 U.S.C § 227(b)(3)(B);

I. Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

J. Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

K. Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

L. Such other or further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this September 24, 2026.

/s/Omar F. Darwich
The Darwich Law Firm, LLC
Omar F. Darwich
Tx Bar No. 24124686
6951 Virginia Parkway
Suite 104
McKinney, TX 75071
(469) 960-6069
omar@darwichlegal.com
ATTORNEY FOR PLAINTIFF